IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CV-101-FL

| | | |
|---|---|---|
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| KEN ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This pro se case, in which the prisoner plaintiff is proceeding *in forma pauperis* (*see* D.E. 6), is before the court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] It was referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, it will be recommended that this case be dismissed.

**Discussion**

In a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual

---

[1] The same standards set out below would apply if the frivolity review were deemed to be pursuant to 28 U.S.C. § 1915A(b), which section mandates screening of complaints in civil actions brought by prisoners, *see id.* (a). *See Jones v. Bock*, 549 U.S. 199, 214 (recognizing that same four grounds for dismissal are set out in 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)).

allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

In his complaint, plaintiff alleges that one of the three local police officers named as defendants took $1,100.00 and a cellular telephone from him during a traffic stop on 3 December 2010, but turned in as evidence only $337.00. (Compl. (D.E. 3) 2).[2] He further alleges that in a subsequent search of his home, all three defendants took $5,000.00 and receipts from his home improvement business, but did not record the property in police records. (*Id.* at 2-4). Plaintiff asks that his property be returned to him. (*Id.* at 5).

This case is controlled by the following principles:

> The Supreme Court has made it clear that § 1983 is not intended to be used as a substitute for state tort law remedies. *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Wallace v. Chrysler Credit Corp.*, 743 F. Supp. 1228, 1236 (W.D.Va. 1990). The intentional or negligent deprivation of personal property by a police officer or prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

*Rush v. VanDevander*, Civ. Act. No. 7:08CV00053, 2008 WL 495651, at *4 (W.D. Va. 21 Feb. 2008) (dismissing as frivolous under 28 U.S.C. § 1915A(b)(1) prisoner's claim that police officers deprived him of his personal Bible and writing materials); *see also Boyd v. City of Greensboro*, 477 Fed. Appx. 959, 960 (4th Cir. 2012) (affirming dismissal plaintiff's claim that local police took his wallet, some documents, and $2,100.00 in cash without due process for

---
[2] Citation is to the page numbers assigned by the court's CM/ECF electronic filing system.

failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *Singleton v. Labranch*, 897 F.2d 533 (Table), at *1 (9th Cir. 1990) (affirming dismissal of plaintiff's claim that police intentionally left keys in his car after a stop so that it could be vandalized as frivolous under former 28 U.S.C. § 1915(d)); *Goldman v. Brannon*, No. 5:11-CT-3051-FL, 2013 WL 5217771, at *9 (E.D.N.C. 17 Sept. 2013) (dismissing for failure to state a claim prisoner's claim that prison officials lost, confiscated, or stole certain items of personal property seized pursuant to search warrants); *Smith v. Ledford*, No. 1:06CV152-03-MU, 2006 WL 1431666, at *2 (W.D.N.C. 22 May 2006) (dismissing for failure to state a claim plaintiff's claim for return of a watch, diamond ring, gold necklace, and $301.00 in cash seized from him when he entered local jail). North Carolina has adequate post-deprivation remedies that are available to plaintiff. *See Boyd*, 477 Fed. Appx. at 960; *Goldman*, 2013 WL at *9; *Smith*, 2006 WL 1431666, at *2. Plaintiff's complaint therefore fails to state a claim upon which relief can be granted.

**Conclusion**

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 16 January 2014 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 2nd day of January 2014.

_____
James E. Gates
United States Magistrate Judge