IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:13-CV-101-FL

| | | |
|---|---|---|
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEN ADAMS, DETECTIVE ROSE EDMONDS, and A. BRAXTON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss the case upon frivolity review under 28 U.S.C. § 1915(e)(2)(B). No objections to the M&R have been filed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and dismisses the complaint.

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff filed a pro se complaint on April 18, 2013, amended May 9, 2013, alleging that defendants improperly seized currency and items from him during a search on December 3, 2010, in the course of an arrest, and during a subsequent search of his residence. Plaintiff seeks return of currency and items seized and requests that these items "be put into evidence." (DE 3 at 4).

In the M&R, it is recommended that the complaint be dismissed for failure to state a claim because federal law does not provide a cause of action for intentional or negligent deprivation of personal property by police officers, where state law in this instance provides an adequate post-deprivation remedy. (M&R at 2-3).

Where plaintiff does not object to this ground for dismissal set forth in the M&R, the court reviews this determination for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). A deprivation of property as alleged in the complaint is not actionable where North Carolina provides an adequate post-deprivation remedy. See Boyd v. City of Greensboro, 477 Fed. Appx. 959, 960 (4th Cir. 2012). Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.

## CONCLUSION

Upon considered reviewed of the M&R and the record generally, the court ADOPTS the findings and recommendations of the magistrate judge in full. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to close this case.

SO ORDERED, this the 23rd day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge